UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GALLATIN POWER PARTNERS, LLC,

Plaintiff/Counterclaim-Defendant,

-against-

CITRINE SOLAR LLC and GREENBACKER RENEWABLE ENERGY CORPORATION,

Defendants/Counterclaim-Plaintiffs.

Case No. 1:26-CV-02018

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" and be considered to contain "Confidential Information""

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the litigation.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. The parties shall maintain the designation of confidentiality while the parties wait for the Court's resolution. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting party and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Before disclosing or displaying the Confidential Information to any person covered by Paragraph 4, above, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential regardless of whether the document has a "CONFIDENTIAL" designation.

8. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. This Order does not seal court records in this case or apply to the disclosure of Protected Material during court hearings or at trial. It is only intended to facilitate the prompt production of Disclosure or Discovery Materials. A Party that seeks to file under seal any Protected Material, seal the court record, or close hearing or trial proceedings must comply with applicable law and the Court's procedures.

9. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

**SO STIPULATED AND AGREED**

By: */s/ Thomas N. Kidera*
Thomas N. Kidera
51 West 52nd Street
New York, NY 10019
tkidera@orrick.com
(212) 506-5000
*Attorneys for Plaintiff/Counterclaim-Defendant Gallatin Power Parters LLC*

By: */s/ Emma R. Wolf*
Emma Wolf, *admitted pro hac vice*
501 Commerce Street, Suite 1500
Nashville, TN 37203
emma.wolf@klgates.com
(615) 780-6700
*Attorneys for Defendants/ Counterclaim-Plaintiffs*

Dated: **November 23, 2026**

**SO ORDERED.**

______________________________

**Ona T. Wang**
United States Magistrate Judge

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Gallatin Power Partners, LLC v. Citrine Solar LLC, et al.*, Case No. 1:26-cv-02018, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

____________________________

Signed in the presence of:

____________________________

(Attorney)